**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Clear Skies Nevada, LLC | ) | |
| Plaintiff, | ) | No. 15 C 6708 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| Does 1-30, et al | ) | |
| | ) | |
| Defendants. | ) | |

## STATEMENT

Under current consideration is a Rule 12(b)(6) Motion to Dismiss filed by Defendant Renee Hancock, the last remaining defendant in this action. For the reasons stated herein, Hancock's Motion to Dismiss [56] is denied.

## BACKGROUND

Plaintiff Clear Skies Nevada, LLC ("Clear Skies"), a motion picture developer and producer, initially sued 30 "Doe" defendants who, using "BitTorrent protocol," allegedly infringed Clear Skies' copyright (pursuant to 17 U.S.C. § 101 *et seq.*) in *Good Kill*,[1] a movie it owned. (Dkt. 31 ¶¶ 4, 6, 10.) BitTorrent protocol enables users with personal computers with low bandwidth to participate in large data transfers across internet-based peer-to-peer networks by allowing the torrent users to download and upload small pieces of the file to and from other users, as part of a "swarm." (*Id.*) Plaintiff asserts that Hancock was observed infringing *Good Kill's* copyright using Internet Protocol ("IP") address 98.213.32.27 within this district. (*Id.*) Plaintiff alleges that by participating in the swarm, "Defendant participated in a collective and interdependent manner with others via the Internet for the unlawful purpose of reproducing, exchanging and distributing copyrighted material unique to the swarm." (*Id.* ¶ 18; *see also* ¶¶ 6, 17.) Plaintiff has also attached an exhibit purportedly portraying details of the infringing conduct associated with Defendant's IP address. (*Id.* ¶¶ 14, 18; Dkt. 31-1.)

## LEGAL STANDARD

When reviewing the sufficiency of a complaint pursuant to Rule 12(b)(6), the Court must "construe it in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the party's] favor.'" *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010)). To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face when the complaint contains factual content that

---

[1] *Good Kill* is a drama-thriller starring Ethan Hawke and January Jones. (Dkt. 31 ¶ 2.)

1

supports a reasonable inference that the defendant is liable for the harm. *Id.* "Although a party need not plead 'detailed factual allegations' to survive a motion to dismiss, mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Berger v. Nat'l Collegiate Athletic Ass'n*, No. 16-1558, 2016 WL 7051905, at *2 (7th Cir. Dec. 5, 2016) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This requires enough factual content to create a reasonable expectation that discovery will reveal evidence of wrongdoing. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## DISCUSSION

Hancock argues that Plaintiff's Complaint should be dismissed because Plaintiff (1) has not and cannot present sufficient evidence connecting Hancock's ISP [sic] address to the purported infringement; and (2) has failed to allege that Hancock made a copy of the movie. (Dkt. 57.) Hancock also submits that Plaintiff is not entitled to the presumption of truth in its allegations.[2] (*Id.* at 10-12.)

To properly state a copyright infringement claim, the plaintiff must sufficiently allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Janky v. Lake Cnty. Convention & Visitors Bureau*, 576 F.3d 356, 361 (7th Cir. 2009) (quotation omitted). "An individual 'copies' another's work for purposes of copyright law if he plays it publicly or distributes copies without the copyright owner's authorization." *Id.* (citing *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 157 (1975)).

First, Hancock's argument that Plaintiff's Complaint should be dismissed because it has not presented sufficient evidence of infringement fails because "[a] complaint need not allege all, or *any*, of the facts logically entailed by the claim, and it certainly need not include evidence." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quotation omitted).

Second, when taking the Complaint's allegations as true, as the Court must at this stage, Plaintiff has sufficiently alleged that Hancock infringed its copyright of *Good Kill*. Plaintiff has alleged that it owns the copyright and that Hancock copied essential elements of *Good Kill* by downloading and distributing the movie through BitTorrent protocol. (*See* Dkt. 31 ¶¶ 6, 10, 14, 18) (alleging that Defendant "reproduced, distributed and offered to distribute over the Internet the copyrighted Motion Picture for which Plaintiff has exclusive rights"). Specifically, Clear Skies averred that "Defendant, without the permission or consent of Plaintiff, has used, and

---

[2] Despite Hancock's contentions otherwise, for the purposes of Plaintiff's motion, it is entitled the presumption of truth. Plaintiff has not made a showing that Plaintiff's allegations are conclusory. Furthermore, the "*Twombly* plausibility standard, which applies to all civil actions, does not prevent a plaintiff from pleading facts alleged upon information and belief' where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal citations and quotations omitted). That is the case here, as the IP information gleaned by Plaintiff linking Hancock to the swarm makes the inference of culpability plausible. *See also Green v. Beth*, No. 16-1714, 2016 WL 5323263, at *2 (7th Cir. Sept. 22, 2016).

continues to use, an online media distribution system to reproduce and distribute to the public, including by making available for distribution to others, the copyrighted Motion Picture. Plaintiff has identified Defendant by the IP address assigned to Defendant by her ISP and the date and the time at which the infringing activity of Defendant was observed". (*Id.* ¶ 17.) Additionally, Clear Skies has attached an exhibit to its Complaint showing the dates and times Hancock allegedly downloaded the movie, as well as identifying information associated with each unauthorized download. (Dkt. 31-1.) These allegations state a plausible claim of infringement under the Copyright Act. *See e.g.*, *Malibu Media, LLC v. Harris*, No. 1:12-CV-1117-WTL-MJD, 2013 WL 3780571, at *3 (S.D. Ind. July 18, 2013) (denying motion to dismiss in copyright infringement case involving BitTorrent protocol and noting that "proof is not required to properly plead a claim for copyright infringement"); *TCYK, LLC v. Does 1–121*, No. 13-3127, 2014 WL 4817714, at *2 (C.D. Ill. Sept. 29, 2014) (denying motion to dismiss when Plaintiff alleged date and time of infringement and identifying information connecting Defendant's IP address to the infringement).

Furthermore, all of the cases cited by Hancock in support of her motion are inapposite. None involve the dismissal pursuant to Rule 12(b)(6) of named and similarly situated defendants. Instead, these cases largely involve discovery disputes prior to the identification of the Doe defendants. *See, e.g.*, *VPR Internationale v. Does 1-1017*, No. 11-2068, 2011 WL 8179128, at *2 (C.D. Ill. Apr. 29, 2011) (denying Plaintiff's motion to certify for interlocutory review the district court's denial of Plaintiff's motion for expedited discovery where court determined that it lacked personal jurisdiction over any of the defendants and a list of IP addresses implicated a disconnect between subscriber and copyright infringer); *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 93 (E.D.N.Y.), *report and recommendation adopted sub nom. Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233 (E.D.N.Y. 2012) (report and recommendation regarding discovery of individuals linked to certain IP addresses); *Pac. Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 196 (N.D. Ill. 2012) (analyzing discovery motions related to identifying Doe defendants by their IP addresses).

Hancock also spends much of her motion arguing that the Complaint should be dismissed because it is possible or even likely that she did not participate in the infringing conduct. (Dkt. 57 at 7-10.) To support this argument, Hancock and her son have submitted affidavits explaining why it is unlikely that she downloaded the movie. (*See* Dkt. 57-1, 57-2.) Although her arguments and evidence may very well be persuasive at summary judgment or trial, at this stage of the proceedings Plaintiff must only sufficiently allege that it is plausible that Hancock infringed the copyright – it need not prove it. *See Malibu Media LLC v. Doe*, No. 13-12178, 2013 WL 3945978, at *4 (E.D. Mich. July 31, 2013) ("While there is a possibility that a third party has somehow gained access to Defendant's IP address, the more likely explanation is that it is Defendant who is distributing Plaintiff's works. This is all that is required to plausibly state a claim for relief on which relief may be granted").

3

## **CONCLUSION**

For the reasons stated herein, Defendant Hancock's Motion to Dismiss [56] is denied.

Date: 12/19/2016

_____
Virginia M. Kendall
U.S. District Court Judge