# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLEAR SKIES NEVADA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  15 CV 6708 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| WILLIAM ANDERSON, JASON RICHARDS | ) | |
| And RENEE HANCOCK, | ) | Magistrate Susan E. Cox |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| RENEE HANDCOCK, on behalf of herself and others similarly situated, | ) ) |
| | ) |
| Counter-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CLEAR SKIES NEVADA, LLC, | ) |
| | ) |
| Counter-Defendant. | ) |

## DECLARATION OF LISA L. CLAY

     1.     I am one of the attorneys representing Defendant/Counterclaimant/Third-Party Plaintiff in the above-referenced action. I make these statements upon my personal knowledge of the facts stated herein, the documents attached hereto and on my extensive experience defending consumers and victims of the practice I have come to refer to as "monetized litigation" under the Copyright Act and 47 U.S.C. §§ 553 and 605.

     2.     I was introduced to copyright troll matters through my volunteer work with the Hibbler Help Desk. In the first troll case I handled Judge Tharp suggested that Plaintiff needed

to pay for a forensic review of my client's computer before additional discovery took place. (See Dkt. 41 in Case No. 14 C 10387.) Shortly thereafter Plaintiff agreed to voluntarily dismiss with prejudice as long as my client was willing to sign a "settlement agreement." No money was exchanged.

3.      In that case Plaintiff Dallas Buyers Club Inc., represented by Michael Hierl ("Hierl") and Mark Cisek ("Cisek") listed "Daniel Macek," a consultant for Crystal Bay Corporation, as their first witness. (See Exhibit 1.)

4.      Over the course of 2016, Attorney Michael Hierl and I came to what I thought was an unspoken agreement: if I provided a declaration that established financial hardship and denied liability, he voluntarily dismissed my clients without requesting money if they were willing to sign a "settlement agreement."

5.      I have spoken to five attorneys that represent copyright troll defendants in the Northern District of Illinois. All of them charge a flat fee for "settlement representation" and all of them encourage their clients to settle. Several of my clients have come to me after being told by one of these attorneys that he requires $3500 for "settlement representation" that I suspect is limited to arriving at a settlement number and reviewing the two page form settlement document.

6.      Prior to my being retained, Renee and her husband appeared before Judge Virginia M. Kendall on July 21, 2016. A copy of the transcript from that proceeding is attached hereto as Exhibit 2.

7,      As had become my practice, as soon as I was retained in August of 2016 I wrote a letter on Renee Hancock's behalf professing her innocence and describing her dire financial situation – a situation that includes a variety of serious medical conditions. I was disappointed when Attorney Cisek advised me outside of Judge Kendall's courtroom on October 5, 2016 that "his client" would not dismiss this Defendant because of suspicions regarding her son's "video game degree," despite the fact that her doctor had recently changed her medications because

2

she could no longer afford the ones that worked. Cisek sent me a demand for $2800 later that day. The Hancocks rejected Cisek's offer and authorized the filing of a motion to dismiss.

8.    The day Defendant's Motion to Dismiss was denied, (two days after indictments against troll porn attorneys Paul Hansmeier and John Steele were reported) Attorney Hierl emailed to inquire whether I had any interest in settling. When I reminded him that my clients had no money, he suggested that maybe we could "work something out for those that don't steal with impunity."

9.    When I met with Renee, her husband and son, they were furious, and asked that I pursue counterclaims and seek restitution for Renee's emotional distress and the damages incurred by other troll victims.

10.    In the course of investigating these counterclaims I attempted to locate reference to anyone ever having physically been in the same room with Hierl's alleged "consultant" Daniel Macek, or having personal contact with Darren Griffin or any of the other "experts" trolls have used to sign declarations (i.e. Tobias Fieser and Michael Patzer) (See sample form declarations attached as Exhibit 3). I also did general google searches which directed me to websites suggesting that all of these cases are the mastermind of German "anti-piracy" cartels (Exhibit 4) and further suggest that "Guardaley = IPP = Excipio, and that Patzer, Fieser, and Macek are all part of the same organization..." (Exhibit 5.) Other entries suggest that "Guardaley, but also called APMC, Excipio, IPP, Crystal Bay Corporation, and a variety of other names, really runs the copyright trolling operations, finding lawyers and copyright holders to basically act as fronts..." (Exhibit 6.)

11.    On December 28, 2016 I reached out to Washington attorney Christopher Lynch to inquire about counterclaims referenced in the research described above. Lynch pointed me to a letter he had recently sent to David Lowe, a well-known troll attorney, outlining his extensive analysis of "evidence" allegedly authored by Daniel Macek and Darren Griffin. (Exhibit 7.)

12. I reviewed a number of Lynch's filings in Case No. 13 cv 00395, and was able to locate addition evidence of his research into the existence (or likely non-existence) of Daniel Macek, Darren Griffin, IPP, Guardaley, Crystal Bay Corporation and the countless other entities frequently referred to by copyright trolls and their lawyers. (See Exhibit 8.)

13. After my email exchange with Lynch, I ran an ECF search of "Attorney" and "Michael Hierl." His name is associated with 451 cases, a vast majority of them copyright troll matters filed for approximately 30 troll plaintiffs since 2012. Most cases name between 20 -40 Does. (Some name as few as a single Doe and some named as many as 110.) If Hierl is successful in reaching 20 Does in 400 cases, that is 8000 potential victims. If even half of those Does (4000) have paid Hierl half of average of his $3900 pre-litigation and $4900 post-litigation demand ($2200) that's $8.8 million dollars. I suspect that estimate is a fraction of amounts actually extorted.

14. Hierl began filing copyright troll complaints in 2012. Since that time he has represented over 30 trolls in the Northern District, including, but not limited to Elf Man, LLC, RG Investments Group, Inc., LLC, R&D Film 1, LLC, Dragon Quest Productions, LLC, and the Plaintiff herein among others. All of these entities use form declarations from Macek and Griffin, who claim to work, contract or be affiliated with Crystal Bay Corporation, IPP, Maverickeye UG, etc. (See Exhibit 3.) Except for provisions related to joinder, the names of the parties and certain facts about the movies (along with the fact that Plaintiff stopped providing address information for their clients) the complaints and exhibits for all plaintiffs except for Elf-Man LLC are identical in form and content. See sample complaints, Exhibit 9.

15. Prior to filing the answer, affirmative defenses, counterclaim and third-party complaint filed on January 2, 2017, I ran the following LEXIS searches:

(a) A general search with no geographic limitations or filters: "Daniel Macek" = 11 results as follows:

| Case Name/Number | LEXIS cite | Issue Before Court | Reference to Macek |
|---|---|---|---|
| Clear Skies Nev., LLC | 2016 U.S. Dist. LEXIS | Ex parte motion to | Daniel Macek, a |

| | | | |
|---|---|---|---|
| v. Doe, Case No. 16-1511 E.D. LA. | 36187 | seek discovery conference | consultant retained by Maverickeye UG ("MEU") |
| Dallas Buyers Clubs v. Bowens, No. 14 C 360 (E.D. Wisc.) | 2015 U.S. Dist. LEXIS 55569 | Motion requesting order allowing service of third party subpoenas | Daniel Macek, a consultant for Crystal Bay Corporation |
| CELL Film Holdings, LLC v. Doe, No. 16-878 (S.D. Ohio) | 2016 U.S. Dist. LEXIS 132322 | Motion for leave to take discovery prior to Rule 26(f) conference | Daniel Macek, a consultant with Crystal Bay Corporation, a forensic investigation service |
| Cobbler Nev., LLC v. Doe, No. 15 CV 11871 (E.D. Mich.) | 2015 U.S. Dist. LEXIS 90989 | Motion for leave to serve third-party subpoenas | Daniel Macek, who has been retained as a consultant by Maverickeye UG ("MEU") |
| Cobbler Nev., LLC v. Doe, No. C15-1408RSM (W.D. WA) | 2015 U.S. Dist. LEXIS 121063 | Motion for early discovery | Daniel Macek filed a declaration in support of Plaintiff's Motion |
| Cobbler Nev., LLC v. Doe, No. C15-1432RSM (W.D. WA) | 2015 U.S. Dist. LEXIS 121498 | Motion for limited expedited discovery | Daniel Macek filed a declaration in support of Plaintiff's Motion |
| Dallas Buyers Club, LLC v. Bowens, No. 15 cv 00010 (D. Colo.) | 2015 U.SW. Dist. LEXIS 160989 | Motion for Default judgment | Plaintiff's investigator, Crystal Bay Corporation... (Declaration of Daniel Macek) |
| Dallas Buyers Club LLC v. Doe, No. 14 C 841 (E.D. Wisc.) | 2014 U.S. Dist. LEXIS 109798 | Motion for leave to serve third-party subpoenas | Declaration of Daniel Macek, a consultant for Crystal Bay Corporation |
| Dallas Buyers Club, LLC v. Hudson, No. 15 cv 00598 | 2016 U.S. Dist. LEXIS 8726 | Motion for default judgment | Plaintiff's investigator, Crystal Bay Corporation... (Declaration of Daniel Macek) |
| Dallas Buyers Club, LLC v. Stuart, No. 14 CV 02424 (D. Colo.) | 2015 U.S. Dist. LEXIS 118340 | Motion for default judgment | Plaintiff's investigator, Crystal Bay Corporation... Declaration of Daniel Macek |

| QOTD Film Inv. Ltd. v. Does, No. 16 cv 0928 (D. Nev.) | 2016 U.S. Dist. LEXIS 60994 | Ex Parte motion for leave to take limited discovery | Plaintiff hired forensic investigator, Maverickeye UG… Declaration of Daniel Macek |
|---|---|---|---|

(b) A general search with no geographic limitations or filters: "Darren Griffin" = 33

results, those relating to copyright trolling as follows:

| Case Name/Number | LEXIS cite | Issue Before Court | Reference to Macek |
|---|---|---|---|
| Kill Joe Nevada, LLC v. Does, No. 13 cv 1450 (N.D. Ga.) | 2016 U.S. Dist. LEXIS 8726 | Motion for leave to take discovery prior to Rule 26(f) conference | "Using special forensic software provided by Crystal Bay Corporation, Darren Griffin alleges …" |
| Dead Season LLC v. Does, No. CV -13-00592 (D. Az.) | 2013 U.S. Dist. LEXIS 101993 | Motion for leave to take discovery prior to Rule 26(f) conference | "The software consultant retained by Crystal Bay Corporation… Darren Griffin" |
| Kill Joe Nevada, LLC v. Doe, No. 13 cv 1516 (N.D. Ga.) | 2013 U.S. Dist. LEXIS 74983 | | "Using special forensic software provided by Crystal Bay Corporation, Darren Griffin alleges …" |
| TCYK, LLC v. Doe, No. 13 CV 6770 (N.D. Ill.) | 2014 U.S. Dist. LEXIS 11136 | Motion to quash subpoena or modify scope of same | "TCYK submitted the declaration of Darren Griffin, a software consultant who provides forensic investigation services" |
| Breaking Glass Pictures, LLC v. Doe, No. CV 13-00599 (D. Az.) | 2013 U.S. Dist. LEXIS 101995 | Motion for leave to take discovery prior to Rule 26(f) conference | "The software consultant retained by Crystal Bay Corporation that identified the IP addresses, Darren Griffin…" |

| | | | |
|---|---|---|---|
| 10 Killer Joe Nevada, LLC claims all filed in the N.D. GA. In May of 2013 | 2013 U.S. Dist. LEXIS 74825<br>2013 U.S. Dist. LEXIS 74988<br>2013 U.S. Dist. LEXIS 74973<br>2013 U.S. Dist. LEXIS 74980<br>2013 U.S. Dist. LEXIS 74977<br>2013 U.S. Dist. LEXIS 75000<br>2013 U.S. Dist. LEXIS 74994<br>2013 U.S. Dist. LEXIS 74970<br>2013 U.S. Dist. LEXIS 74986<br>2013 U.S. Dist. LEXIS 74971 | | "Using special forensic software provided by the Crystal Bay Corporation, Griffin attests…" |

16.    I was unable to locate a single case that referenced deposition or court testimony from either of these individuals. I did broad searches like ("Makek" and "testif!") and ("Darren Griffin" and "testif!" and "copyright") and did not locate a single hit.

17.    The search ("bit torrent and copyright and "summary judgment") with no limitations provided 24 cases, none in the 7th circuit. The search ("bittorrent" and copyright and "summary judgment") with no limitations provided 100 cases, 9 in the 7th Circuit, as follows:

| Case Name | LEXIS cite | Issue Before Court | Reference to Macek |
|---|---|---|---|
| Malibu Media, LLC v. Harrison, No. 12 CV 0-1117 (S.D. Ind.) | 2015 U.S. Dist. LEXIS 73447 | Summary judgment denied | Malibu Media contracted with IPP International UG ("IPP") A German company that provides forensic investigation services… |
| Patrick Collins, Inc. v Doe, No. 12 CV 3161 (C.D. Ill.) | 2012 U.. Dist. LEXIS 132813 | Not an SJ case – request for early discovery granted | Relied on declaration of Tobia Fieser |
| Malibu Media, LLC v. Harrison, No. 12 CV 0-1117 (S.D. Ind.) | 2014 U.S. Dist. LEXIS 162741 | Not an SJ case – motion to preclude witness | No relevant references |
| Malibu Media, LLC v. Harrison No. 12 CV 0-1117 (S.D. Ind.) | 2014 U.S. Dist. LEXIS 176972 | Not an SJ case – motion for snacdtions regarding alleged destruction of evidence | No relevant references |
| Hard Drive Prods. | 2012 U.S. | Not an SJ Case – motions to | No relevant references |

| | | | |
|---|---|---|---|
| v. Doe, 11 CV 9062 (N.D. Ill. 2012) | Dist. LEXIS 82927 | quash | |
| Malibu Media, LLC v. Tashiro, No. 13 c 205 (S.D. Ind.) | 2013 U.S. Dist. LEXIS 125897 | Not an SJ Case – motions to dismiss and motions to strike | Striking Exhibit C (list of pornographic movies allegedly downloaded as "immaterial to the allegations in the complaint" |
| Malibu Media, LLC v. Luien, No. 12 CV 01730 (S.D. Ind.) | 2013 U.S. Dist. LEXIS 133288 | Not an SJ case – motion to strike affirmative defenses | No relevant references |
| Patrick Collins v. Lowery, No, 12 cv 00844 (S.D. Ind.) | 2013 U.S. Dist. LEXIS 152776 | Not an SJ case - Motion to withdraw voluntary dismissal | No relevant references |

18.     I was unable to locate a single summary judgment case filed by Hierl or Cisek for one of their copyright troll plaintiff clients, despite the volume of cases filed.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Dated: January 2, 2017

_____
Lisa L. Clay

8