```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

CLEAR SKIES NEVADA, LLC,          )   Docket No. 15 C 06708
                                  )
              Plaintiff,          )   Chicago, Illinois
                                  )   January 4, 2017
         v.                       )   9:05 a.m.
                                  )
WILLIAM ANDERSON, JASON           )
RICHARDS and RENEE HANCOCK,       )
                                  )
              Defendants.         )
----------------------------------)
RENEE HANCOCK, on behalf of       )
herself and others similarly      )
situated,                         )
                                  )
         Counter-Plaintiff,       )
                                  )
         v.                       )
                                  )
CLEAR SKIES NEVADA, LLC,          )
                                  )
         Counter-Defendant.       )
----------------------------------)
RENEE HANCOCK, on behalf of       )
herself and others similarly      )
situated,                         )
                                  )
      Third-Party Plaintiff,      )
                                  )
         v.                       )
                                  )
GERMAN JOHN DOE A/K/A DANIEL      )
MACEK A/K/A JOSHUA GRIFFIN,       )
MICHAEL HIERL, AND MARK CISEK,    )
                                  )
      Third-Party Defendants.     )
```

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE VIRGINIA M. KENDALL

```
 1   APPEARANCES:

 2   For Clear Skies          HUGHES SOCOL PIERS
     Nevada:                     RESNICK & DYM LTD by
 3                            MR. MARK ALAN CISEK
                              70 West Madison Street
 4                            Suite 4000
                              Chicago, IL  60602
 5

 6

 7   For Renee Hancock:       MS. LISA L. CLAY
                              345 North Canal Street
 8                            Suite C202
                              Chicago, IL  60606
 9

10

11

12

13

14

15

16

17

18

19

20

21   Court Reporter:          GAYLE A. McGUIGAN, CSR, RMR, CRR
                              Federal Official Court Reporter
22                            219 South Dearborn, Room 2318-A
                              Chicago, Illinois 60604
23                            (312) 435-6047
                              gayle.court.transcripts@gmail.com
24

25
```

1      (Proceedings heard in open court:)
2              THE CLERK:  15 C 6708, Clear Skies Nevada versus Does.
3              THE COURT:  Good morning.
4              MS. CISEK:  Good morning, your Honor.  Mark Cisek on
5      behalf of Clear Skies Nevada.
6              MS. CLAY:  Good morning, your Honor.  Lisa Clay on
7      behalf of defendant Renee Hancock.
8              THE COURT:  Okay.  All right.  So what's the status?
9              MS. CISEK:  The status is you had denied their motion
10     to dismiss, and then at midnight on January 2nd she -- our
11     opponent has filed a class action third-party complaint --
12             THE COURT:  Oh, I read it this morning --
13             MS. CISEK:  -- against me, Mr. Hierl, our client,
14     and --
15             THE COURT:  For being in an extortionist conspiracy.
16             MS. CISEK:  An international extortionist conspiracy.
17             THE COURT:  Uh-hum.
18             MS. CISEK:  We -- let me state this:  Mr. Hierl and I
19     submit to the jurisdiction of the court.  We don't need to be
20     served.  I understand summons is issued.  We submit to the
21     jurisdiction of the court.
22             We ask for 30 days to respond to the complaint on our
23     own behalf.
24             I need to point out, we represent Clear Skies Nevada
25     in a copyright dispute.  We don't represent Clear Skies Nevada

1  in a defense of a claim of conspiracy for barratry and other --
2  and other matters.  We need to discuss that matter, whether or
3  not we will represent them in this matter.
4  　　　　　As defendant -- I mean as defendant's counsel is
5  aware, you know, when this was filed, this creates conflict
6  between us and our client, and we need to investigate whether
7  or not we can continue to represent the client.
8  　　　　　THE COURT:  Well, first of all, you need to go back,
9  both of you, to Civil Procedure in law school and determine
10  whether it's an appropriately filed third-party complaint.
11  　　　　　You have a copyright infringement charge regarding the
12  30 defendants who allegedly infringed upon a copyright of a
13  movie in a swarm, and you have taken that and filed a
14  third-party complaint alleging an international extortionist
15  conspiracy for extorting settlements, which is not exactly
16  anything that arises directly out of the infringement case.  So
17  I think you need to address that in your answer and/or
18  otherwise pleading.
19  　　　　　And I'll give you until January 31st to do that.
20  　　　　　And if you file a pleading, you will have until
21  February 13th to respond to it.
22  　　　　　And then there will be a reply date of February 20.
23  　　　　　Meanwhile, what's going on with you and the other 30
24  Does?
25  　　　　　MS. CISEK:  The other 30 Does are out of the case.

1   This case is exclusively against Renee Hancock.
2           THE COURT:  Okay.  And what's going on with discovery
3   on Ms. Hancock and what is her defense, other than this
4   third-party complaint?
5           MS. CLAY:  There has been no discovery.  I assume that
6   plaintiff's position will be they do not want to serve or
7   address discovery until their motion is addressed.  I have no
8   position --
9           THE COURT:  Well, I don't understand that.  So Clear
10  Skies, you're the plaintiff.  Go ahead.
11          MS. CISEK:  Let me -- first of all, I just want to --
12  are you asking -- when you said you need to address that by
13  January 31st, who was that directed to?
14          THE COURT:  Who do you think?
15          MS. CISEK:  To us?
16          THE COURT:  Right.
17          MS. CISEK:  Okay.
18          THE COURT:  You have a complaint filed -- third-party
19  complaint filed against you, and you said you wanted time to
20  address it.  Right?
21          MS. CISEK:  Okay.  Well, let me -- again, let me make
22  a point.  Because of the nature of the fact of the unusual
23  procedural posture with Clear Skies, can they have 60 days
24  until we see if we're going to represent them, they're going to
25  get separate counsel, and things of that nature?

1     THE COURT: Well, why don't you look at the Civil
2  Procedure aspect of it first.
3     I'll give you -- I'll give you 6 weeks, not 60 days.
4  This is -- this should not be -- this tail should not be
5  wagging this dog.
6     So February 13th will be the day that you must answer
7  or otherwise plead to the third-party complaint.
8     The response to the pleading, which I assume it will
9  be, will be February 27th.
10    And the reply date will be March 6th.
11    Now, back to the case that is before me, because I
12 could certainly say we're not putting in a third-party
13 complaint.
14    So the case before me, you have not -- she says she
15 hasn't received any discovery in a 2015 infringement case.
16    MS. CISEK: Well, here's the situation. There was a
17 motion to dismiss that was pending until December 19.
18    THE COURT: That doesn't matter.
19    MS. CISEK: Then I will -- we will issue discovery.
20    THE COURT: Rule 16 conferences occur immediately.
21 You are required under Rule 26 to turn over initial
22 disclosures.
23    MS. CISEK: We've made -- I believe we've made our
24 initial disclosures.
25    MS. CLAY: I don't believe that's the case, your

1   Honor.
2           I will make my Rule 26 disclosures within the end of
3   the week.
4           THE COURT:  You shall exchange all written discovery
5   by March -- excuse me, by February 28th.
6           Any oral discovery shall be completed by April 28th.
7           And any dispositive motion shall be filed May 15th.
8           Responses June 12th.
9           And replies June 26th.
10          No extensions of time.  This is a 2015 case.  It
11  should be wrapped up.  It's a very discreet issue.
12          MS. CLAY:  Understood, your Honor.
13          THE COURT:  Until it turned into an international
14  conspiracy.  Okay?
15          MS. CLAY:  Your Honor, I have one issue.
16          THE COURT:  Okay.
17          MS. CLAY:  There is a third party named, and I take to
18  heart all of your points about Civil Procedure, but assuming
19  those issues are addressed, Daniel Macek is the declarant in
20  this case, and he is listed on that declaration as having been
21  retained as a consultant by Maverickeye, a company incorporated
22  in Stuttgart and organized and existing under the laws of
23  Germany.  I have no knowledge of his whereabouts.  I assume
24  that counsel is in possession of that knowledge --
25          THE COURT:  Well, had you had a discussion, as you're

```
 1   required under the rules, both local rules and Civil
 2   Procedures, you could have asked him, so you should do that
 3   now.
 4           MS. CLAY:  All right.
 5           THE COURT:  Okay?  Thank you.
 6           MS. CLAY:  Thank you, your Honor.
 7           MS. CISEK:  Thank you, your Honor.
 8        (Proceedings concluded at 9:11 a.m.)
 9                      C E R T I F I C A T E
10        I certify that the foregoing is a correct transcript of the
11   record of proceedings in the above-entitled matter.
12
13
     /s/ GAYLE A. McGUIGAN                       January 10, 2017
14   Gayle A. McGuigan, CSR, RMR, CRR                    Date
     Official Court Reporter
15
```