UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLEAR SKIES NEVADA, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 cv 6708 |
| | ) | Judge Virginia M. Kendall |
| WILLIAM ANDERSON, JASON RICHARDS | ) | |
| And RENEE HANCOCK, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RENEE HANCOCK'S RESPONSE TO PLAINTIFF'S
MOTION TO SET A SETTLEMENT CONFERENCE**

NOW COMES Defendant Renee Hancock ("Defendant" or "Renee"), through her attorney, Lisa L. Clay, Attorney at Law, and states as follows:

1.      In its motion for settlement conference, Plaintiff suggests that, "discovery is proceeding."

2.      As of the date of this motion, Plaintiff has served interrogatories and document requests that Defendant Hancock has answered, and Defendant has served interrogatories, document requests and requests to admit, as well as serving a Notice of Deposition for Daniel Macek, the "IT administrator" whose declaration was filed in support of Plaintiff's Motion for Leave to Take Discovery.[1]

3.      Specifically, Defendant emailed Attorney Hierl on January 10, 2017 and stated, "[w]e'll need to agree on a means of getting your PCAP file to my expert, and I assume you will disclose an expert other than Macek who will do an analysis of my client's computers? Given

---

[1] Interestingly, Plaintiff did not disclose Mr. Macek in its Rule 26(a)(1) disclosures, but disclosed a different "IT administrator," Daniel Arheidt.

the timeline we will be operating under I would appreciate opening a discussion as to these issues as soon as possible." Hierl has never responded. Declaration of Lisa L. Clay ("Clay Dec.") ¶ 2. (Declaration attached hereto as Exhibit A.)

4.      On January 19, 2017 Defendant's counsel served her First Request for Production of Documents, and indicated in the transmittal email that "[g]iven our short discovery timeline I would appreciate being provided with dates for the Macek deposition and begin the conversation regarding logistics for getting the forensic review of Ms. Hancock's computer completed." Plaintiff's counsel has never responded. (Clay Dec. ¶ 3.)

5.      On January 24, 2017 Defendant's counsel served interrogatories, amended document requests, request for admissions and a Notice of Deposition for Daniel Macek. (Clay Dec. ¶ 4.)

6.      On February 6, 2017 Defendant's counsel requested an extension to provide responses to Plaintiff's written discovery, and also once again inquired about scheduling Daniel Macek's deposition. Attorney Hierl agreed to the extension and stated that he would "get back to [counsel] on Macek when [he] return[ed] to the office on Thursday." Hierl never contacted Defendant's counsel to address the issue. (Clay Dec. ¶ 5.)

6.      Defendant's counsel was working on responses to Plaintiff's written discovery when she received Plaintiff's Motion to Set Settlement Conference. Those responses included the names of three experts Defendant wishes to retain, but cannot do so without written responses and a PCAP file from Plaintiff.

6.      Defendant's counsel immediately emailed Attorney Hierl and suggested that "[m]ost judges in this district will not order a settlement conference unless both parties agree

that it will be productive. Why would you file this without consulting me first? We need to see

your discovery responses before we can evaluate the case for settlement purposes." Attorney

Hierl did not respond. (Clay Dec. ¶ 6.)

7.      Defendant and her counsel submits that Plaintiff's Motion is an attempt to avoid

having to provide Defendant with responses to Defendant's discovery requests – responses

Defendant believes will affirmatively establish that Plaintiff has no basis for its claims.

8.      If Plaintiff does not wish to answer discovery, it has an absolute right to

voluntarily dismiss its claims, and should be encouraged by the Court to do so.

9.      Defendant will happily agree to a settlement conference after Plaintiff provides

her with responses to her written discovery requests.

10.      Defendant direct Plaintiff and this Honorable Court to the Ninth Circuit's recent

ruling in *Perfect 10 v. Giganews*, which states, in part:

> *[b]ecause copyright law ultimately serves the purpose of enriching the general*
> *public through access to creative works, it is peculiarly important that the*
> *boundaries of copyright law be demarcated as clearly as possible. To that end,*
> *defendants who seek to advance a variety of meritorious copyright defense*
> *should be encouraged to litigate them… Thus a successful defense of a copyright*
> *infringement action may further the policies of the Copyright Act every bit as*
> *much as a successful prosecution of an infringement claim by the holder of a*
> *copyright.*

No. 15-55500, No. 15-55523, No. 15-56026, 2017 U.S. App. LEXIS 1128 at *38 (9h Cir. Jan. 23,

2017) (upholding award of $5,6,37,352.53 to prevailing party defendants) (Exhibit B).

3

**WHERFORE**, Defendant respectfully requests that the Honorable Court:

(a)     Order Plaintiff to respond to Defendant's outstanding written discovery on or

before February 27, 2017 if it do not wish to voluntarily dismiss its pending

Complaint;

(b)     Order Plaintiff to provide a date certain for the deposition of Daniel Macek on or

before February 27, 2017 if the Complaint is not dismissed;

(c)     Refer the case to Magistrate Cox pending compliance with paragraphs (a) and

(b), above.

(d)

Respectfully submitted:


_____/s/  Lisa L. Clay_____

Lisa L. Clay, Attorney at Law
345 North Canal Street, Suite C202
Chicago, Illinois 60606
Phone: 312.753.5302
lclayaal@gmail.com
ARDC # 6277257

### CERTIFICATE OF SERVICE

Lisa L. Clay, an attorney, certifies that on February 21, 2017 she served a copy of the foregoing
**Response to Plaintiff's Motion to Set a Settlement Conference** by filing same via the ECF filing
system, to the following:

Mark Alan Cisek              Todd Sheldon Parkhurst
mcisek@hsplegal.com           tparkhurst@hsplegal.com


Michael A. Hierl
mhierl@hsplegal.com


/s/  Lisa L.Clay

4