**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEAR SKIES NEVADA, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No.: 15-cv-6708 |
| ) | |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| RENEE HANCOCK, ) | |
| ) | Magistrate Judge Susan E. Cox |
| Defendant. ) | |

**CONFIDENTIALITY ORDER**

Plaintiff has moved that the Court enter a Confidentiality Order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public and the Court. Accordingly, IT IS HEREBY ORDERED:

A. **SCOPE**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of the Northern District of Illinois and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

B. **DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION.** Designation of information under this Order must be made by placing or affixing on the document or material, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

   1. One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the party in good faith believes they contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information.

   2. One who produces information, documents, or other material may designate them as "ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain particularly sensitive trade secrets or other nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation.

   3. Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as

CONFIDENTIAL or ATTORNEYS' EYES ONLY must be made prior to, or contemporaneously with, the production or disclosure. In the event that information, documents, or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

4. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given, within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5. If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production, and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document, or other material in question and of the corrected confidential designation.

C. **DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.** Information, documents, or other materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified below for any purposes whatsoever other than preparing for and conducting the above-captioned litigation in which the information, documents, or other materials were disclosed (including appeals).

1. **CONFIDENTIAL INFORMATION**. The parties and counsel for the parties must not disclose or permit the disclosure of any confidential information, documents, or other material designated as "CONFIDENTIAL" by any other

party or third party under this Order, except that disclosures may be made in the following circumstances:

a. **Counsel**. Counsel for the parties and employees of counsel who have responsibility for the action;

b. **Parties**. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

c. **The Court** and its personnel;

d. **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

e. **Contractors**. Those persons specifically engaged in this litigation for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

f. **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties in this litigation to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

g. **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

h. **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation);

i. **Others already legally in possession of Confidential material**. Persons already in lawful and legitimate possession of confidential material; and

j. **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

    2. **ATTORNEYS' EYES ONLY INFORMATION**. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other party or third party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

        a. Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

        b. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents or other material. Before disclosure to any such court reporter or person engaged in making photocopies, such reporter or person must agree to be bound by the terms of this Order.

        c. Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

        d. Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

        e. Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information.

D. **MAINTENANCE OF CONFIDENTIALITY.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

E. **FILING OF CONFIDENTIAL INFORMATION.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

F. **NO GREATER PROTECTION OF SPECIFIC DOCUMENTS**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery

on the ground that it requires protection greater than that afforded by this Order unless the party moves for and the Court grants an order providing such special protection.

G. **CHALLENGES BY A PARTY TO DESIGNATION AS CONFIDENTIAL INFORMATION**. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

    1. **Meet and Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

    2. **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

H. **CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

    1. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    2. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

    3. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which

the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

I.     **OBLIGATIONS ON CONCLUSION OF LITIGATION.**

1. **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

2. **Obligations at Conclusion of Litigation.** Within sixty days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

3. **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

4. **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

So Ordered.

Dated: 3/15/2017

*Virginia M. Kendall*

Virginia M. Kendall, U.S. District Judge

6

## ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CLEAR SKIES NEVADA, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No.: 15-cv-6708 |
| | ) |
| v. | ) |
| | ) Judge Virginia M. Kendall |
| RENEE HANCOCK, | ) |
| | ) Magistrate Judge Susan E. Cox |
| Defendant. | ) |

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____, 2017 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address:  _____

_____

_____

| | |
|---|---|
| Signature | Date |