UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLEAR SKIES NEVADA, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 cv 6708 |
| | ) | |
| v. | ) | Judge Virginia M. Kendall |
| | ) | |
| WILLIAM ANDERSON, JASON RICHARDS And RENEE HANCOCK, | ) ) | Magistrate Judge Susan Cox |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RENEE HANCOCK'S MEMORANDUM IN SUPPORT OF
DISMISSAL WITH PREJUDICE AND AN AWARD OF COSTS AND FEES**
_____

Defendant Renee Hancock ("Renee") through counsel, pursuant to Minute Order of the Honorable Virginia M. Kendall, makes the following argument in support of dismissal with prejudice and an award of attorneys' fees:

**INTRODUCTION**

Since 2012, Plaintiff Clear Skies Nevada LLC ("CSN") and other purported copyright owners, through counsel Michael Hierl, have filed nearly 450 form complaints in the Northern District of Illinois. (Declaration of Lisa L. Clay ("Clay Dec.") ¶ 3, attached as Exhibit 1.) Thanks to a cooperative "defense" bar" in the Northern District, these cases are settled, not litigated. (Clay Dec. ¶ 4.) The undersigned attorneys do not subscribe to the settlement model, and have instead invested hundreds of hours of their own time and money researching these plaintiffs' business model, and found it wanting. (Clay Dec. ¶ 4; Declaration of J. Curtis Edmondson ("Edmondson Dec.") ¶ 15, Attached as Exhibit 2; Declaration of J. Christopher Lynch, ¶ 4, attached as Exhibit 3.)

1

Plaintiff's form complaints, referencing proprietary "geolocation technology," cite to "observations" of infringement, but the reality is that no observation has been made and no evidence sufficient to establish infringement exists. (Edmondson Dec. ¶¶ 7, 9 – 11, 16 and Exhibit A-C; Lynch Declaration ("Lynch Dec") ¶ 3, Exhibits A –D.) The only "evidence" Plaintiff has or can produce is the PCAP, representing approximately **0.0004% of the allegedly copyrighted work**. (Edmondson Dec. ¶ 16.) Plaintiff has not fully responded to a single interrogatory, document or request to admit (Clay Dec. ¶ 5, Exhibit B); has never interviewed or deposed Renee, who has professed her innocence for the entire period of this litigation; and has not availed itself of Defendant's counsel's repeated requests to forensically review Defendant's computers – computers that Defendant's forensic expert has inspected, and that show no evidence of the copyright material in question. (Clay Dec. ¶ 6; Edmondson Dec. ¶ 16.)

This Court has asked the parties to brief whether dismissal should be "with" or "without" prejudice. Dismissal should be **with prejudice** and Plaintiff should be ordered to immediately pay all of Defendant's costs and fees (with the application of an appropriate lodestar multiplier) for defending this matter to date.

## STATEMENT OF FACTS

A detailed chronology of Defendant's efforts to pursue discovery, and Plaintiff's blatant obfuscation and delays is contained in Defendant's Response in Opposition. (Dkt. No. 85.) Plaintiff will no doubt reference its three attempts to obtain a voluntary dismissal in this matter between January of 2017 and the instant motion. Defendant asks that the Court evaluate these efforts in context. They only came *after* Defendant's counsel had expended significant time and effort learning the BitTorrent model and after her counsel told Attorney Hierl that she had been

2

"saving her pennies" to hire the experts necessary to defend a claim on the merits. (Clay Dec. ¶ 7.) These offers must also be viewed in the context of a Defendant's absolute choice to force a Plaintiff to prove its case. Defendant has been adamant since she started incurring meaningful costs and fees that she was not willing to walk away unless Plaintiff paid those costs and fees. (*Id*.) The undersigned do not believe it is their role or place to second-guess a client's request. (*Id*.) The Court should also be advised that none of Hierl's voluntary dismissals offered a dime in compensation to Hancock and on at least one occasion requested that she sign Plaintiff's standard form release. (*Id*.) "Too little, too late" seems appropriate.

Two representations made by Attorney Heirl at the April 27, 2017[1] warrant clarification. First, Heirl claims that the undersigned has only been involved in this matter "since earlier this year." Attorney Clay filed her appearance in August of 2016. (Dkt. No. 51.) As of "earlier this year" she had already drafted multiple letters requesting dismissal; made several court appearances; filed a motion to dismiss, done significant investigation into the BitTorrent model; filed an answer; filed a counterclaim and third-party complaints, and incurred an estimated $25,000 in costs and fees related to those efforts. (Clay Dec. ¶ 7.)

Second, Hierl suggests that his request for dismissal relates to personal circumstances, and attempts to mislead the Court into suggesting that Defendant's counsel have not been accommodating or sympathetic to this circumstance. This is simply untrue. It was Attorney Clay who initially suggested a joint extension of time in early March and Attorney Clay who continued to request an extension, as long as that extension was not, as Hierl sought, a strategically beneficial opportunity for Plaintiff to force Defendant to attend a settlement

---

[1] A copy of the transcript from the April 27, 2017 hearing is attached hereto as Exhibit 4.

3

conference they never wanted in the first place without the benefit of discovery. (Clay Dec. ¶ 8.) Defendant and her counsel suggest that Plaintiff's requested dismissal has **nothing** to do with its counsel's unfortunate personal circumstances. It has **everything** to do with the fact that Attorney Hierl knows that his client has woefully insufficient evidence of infringement, and wishes to avoid a judicial ruling on the merits.[2] (Clay Dec. ¶ 8; Edmondson Dec. ¶¶ 19, 20.)

> I. **Dismissal Should be With Prejudice, Entitling Defendant to Costs and Fees as a Prevailing Party Under § 505.**

As described in detail in the Clay and Edmondson Declarations and expert reports attached thereto, Defendants were preparing a motion for summary judgment to establish that (1) there has been no infringement (Edmondson Dec. ¶ 16, Exhibit G); (2) that Plaintiff's business model is a copycat of Malibu Media models that have resulted in prevailing party judgments or "cut and run" settlements (Edmondson Dec. ¶ 6-13; Exhibits A-D); that it is the opinion of Defendant's counsel and other defense attorneys that Plaintiff and its counsel have known since discovery commenced that they could not prove their case, and that they had no basis for requesting statutory damages against this Defendant; (Clay Dec. ¶ 9; Edmondson Dec. ¶ 19; Lynch Dec. ¶ 3-5, Exhibits A-D.); and finally, that Defendant, as a prevailing party under § 505 would be entitled to payment of her costs and fees.

> A. *This Court Has, and Should Use Its Discretion, to Convert Plaintiff's Requested "Without Prejudice" Dismissal to a Dismissal "With Prejudice."*

This Court retains absolute discretion to condition dismissal on "such terms and

---

[2] Indeed, Hierl has filed over 40 new cases between January 1 and April 30 of 2017 – only one less than the 41 cases he filed between January 1 and April 30 of 2016. (Clay Dec. ¶ 7.) The day after Hierl suggested personal circumstances warrant dismissal of this matter without prejudice, he filed **five new cases** but dismissed two of Attorney Clay's defendants who had made it clear they wished to defend on the merits. (Clay Dec. ¶ 7; Edmondson Dec. ¶ 19.)

4

conditions as it believes necessary to protect other parties from prejudice…" *Ratkovich v. Smith Kline*, 951 F.2d 155, 158 (7th Cir. 1991). One such condition[3] is conversion of a requested "without prejudice" dismissal to one "with prejudice." *Id*. at 159. In light of the two years Defendants have invested in litigation, the eleventh-hour and wholly disingenuous nature of this motion for voluntary dismissal, and the sole purpose for its filing – to avoid a summary judgment ruling in Defendant's favor – dismissal **with prejudice** is warranted here. *See. Wojtas v. Capital Guardian Trust Co*., 477 F.3d 924, 927 (7th Cir. 2007)("Motions for voluntary dismissal under Rule 41(a)(2) are committed to the district court's discretion, but it is an abuse of discretion for the district court to permit the voluntary dismissal of an action where the defendant would suffer 'plain legal prejudice' as a result.").

The Seventh Circuit has delineated a number of factors it wishes a court to consider when determining whether a party has suffered prejudice sufficient to warrant the imposition of "terms and conditions." The factors include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take dismissal and the fact that a motion for summary judgment has been filed by the Defendant." *Id. citing Pace v. Southern Express Co*., 409 F.2d 331, 334 (7th Cir. 1969); *see also Kapoulas v. Williams Ins., Agency,* 11 F.3d 1380, 1385 (7th Cir. 1993)(upholding denial of dismissal without prejudice where discovery was already "well underway…")

---

[3] Defendant and her counsel acknowledge that ordering conditions would require the Court to provide Plaintiff "a reasonable time to withdraw the motion." *Babcock v. McDaniel*, 148 F.3d 797, 799, (7th Cir. 1998) *citing Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994). Defendant's only request in that regard is that if Plaintiff seeks to reinstate its claims, that Defendant not be ordered to attend a settlement conference and that her request to present the merits to a fact-finder, whether through summary judgment or a trial, be honored.

All of these factors suggest this Defendant has suffered prejudice, and that conditions to the dismissal are warranted. Defendant has expended significant resources in preparing a motion for summary judgment and possible trial should that motion fail; she has endured "excessive delay and lack of diligence" from Plaintiff on all discovery fronts; indeed, she was days away from filing a dispositive motion. (Clay Dec. ¶¶ 5 – 9; Edmondson Dec. ¶ 19.) To add insult to injury, Defendants had spent the last two years defending a case where Plaintiff had no right to request statutory damages in the first place, as ***the alleged infringement took place before the effective date of its copyright registration***. (See Compl,. Exhibit B (referencing **April 5, 2015** alleged infringement) and Compl. Exhibit A (referencing an effective date of **April 6, 2016**) (Dkt. No. 1-1; Attached as Exhibit I to Edmondson Dec.) Defendant was, therefore, being forced to defend herself against a claim with an estimated value of between $2.99 and $14.99. (Edmondson Dec. ¶ 12; Exhibit D.)

    B. *Defendant is a Prevailing Party Presumptively Entitled to Costs and Fees.*

Dismissal with prejudice warrants special consideration in the copyright context, because, "[t]here is no question that a dismissal with prejudice makes the defendant the prevailing party for purposes of an award of attorney's fees under § 505." *Mostly Memories, Inc. v. For Your Ease Only*, 526 F.3d 1093, 1093 (7th Cir. 2008) *citing Claiborne v. Wisdom*, 414 F.3d 715, 719 (7th Cir. 2005); *see also Hyperquest, Inc. v. N'Site Solutions, Inc.*, 559 F. Supp.2d 918, 921 (N.D. Ill. 2008). "A litigant 'prevails' (for the purpose of fee-shifting statutes) when it obtains a 'material alteration of the legal relationship of the parties'." *Hyperquest* at 921, *citing Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources*, 532 U.S. 598, 604 (2001) *quoting from Texas State Teachers Ass'n v. Garland Independent School*

6

*Dist.*, 489 U.S. 782, 792-93 (1989). "**This is no less true when a case is dismissed because the plaintiff 'threw in the towel' – that is, where the dismissal is on plaintiff's own motion**." *Id.* citing *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008) (emphasis added).

"[T]he prevailing party in Copyright Act litigation is **presumptively entitled to an award of fees under § 505**." *Id.* citing *Woodhaven Homes & Realty, Inc. v. Holtz*, 396 F.3d 822, 824-25 (7th Cir. 2005); *Assessment Techs. of WI, LLC. v. WIREData, Inc.*, 361 F.3d 434, 436-37 (7th Cir. 2004.) (emphasis added.) "In the case of prevailing defendants, we have described this presumption as 'very strong'*.*" *Id.* citing *Assessment Techs*., 361 F.3d at 437 ([**W**]**ithout the prospect of such an award, the [prevailing defendant] party might be forced into a nuisance settlement or deterred altogether from enforcing his rights.**") (emphasis added); *Klinger v. Conan Doyle Estate, Ltd*. 761 F.3d 789, 791 (7th Cir. 2014) (same); *see also Eagle Servs. Corp. v. H2O Indus. Servs.,* 532 F.3d 620, 625 (7th Cir. 2008) ("If there is an asymmetry in copyright [fee awards] **it is one that actually favors defendants**.")(emphasis added).

All of Defendant's costs and fees including a multiplier should be awarded and ordered paid within a short time period here under the nonexclusive factors outlined in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). Those factors should include, but are not limited to:

> (1) that the action was frivolous because [Plaintiff] had no evidence to support [its] claim against [Defendant]; (2) that [Plaintiff's] motivation in filing the action was questionable in the [Plaintiff] had filed a multiplicity of suits, each involving the same or similar infringement allegations with quick settlements and improperly joined defendants in such actions thus saving extensive filing fees, including the [initial] action against [Defendant] involving [30] defendants; (3) that the action was objectively unreasonable because [Plaintiff] lacked any evidence to support it; and (4) that awarding fees would advance the consideration of compensation and deterrence.

*Bell v. Lantz*, 825 F.3d 849, 850 (7th Cir. 2016).

7

The Copyright Act expressly authorizes payment of "full costs" plus attorneys' fees as part of the costs:

> In any civil action under this title, the court in its discretion may allow recovery of full costs by or against any party … Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs. 17 U.S.C. § 505.

*Fogerty v. Fantasy*, 510 U.S. 517, 535 n. 19 (1994).

All of these factors weigh in favor of granting Defendant Hancock complete recovery of her costs and fees. Dismissal to avoid the filing of summary judgment (and likely entry of judgment in favor of Defendant) should be considered success for this Defendant. Defendant's counsel had already begun preparing a summary judgment motion, due little more than two weeks after Plaintiff's motion for voluntary dismissal was filed. (Clay Dec. ¶¶ 9, 10; Edmondson Dec. ¶ 19.) Plaintiff's claims were objectively baseless and without reasonable inquiry, especially in light of the fact that Plaintiff and its counsel knew or should have known that a request for statutory fees could not be supported given the effective date of its registration. (See Compl. Exs. A and B; Dkt. No. 1-1., Exhibit I to Edmondson Dec.) Plaintiff made no meaningful effort to participate in discovery. (Clay Dec. ¶¶ 5, 6.) Contrast this to Defendant's actions herein: she met all of the Court's discovery deadlines (Clay Dec. ¶¶ 5, 6, 8); offered depositions and provided access to computers for review (Clay Dec. ¶ 6); and was preparing a dispositive motion with expert reports (Clay Dec. ¶¶ 9, 10; Edmondson Dec. ¶ 12-19); all at significant cost.

Defendant wished to have her day in court, whether through the summary judgment process or at trial. (Clay Dec. ¶¶ 7, 9, Exhibit C; April 27, 2017 Transcript, Ex. 4, 3:1-4.) If the

Court's dismissal is to deprive her of that opportunity, dismissal should be with prejudice and include an award of costs and fees.

### II. The Court Should Exercise Its Discretion and Award Costs and Fees to Defendant if A Voluntary Dismissal With Prejudice is Granted.

"[D]ismissals without prejudice are usually granted **only if the plaintiff pays expenses incurred by the defendant in defending the suit up to that point.**" *Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1998) (emphasis added). "The imposition of costs is a condition that district courts routinely impose on voluntary dismissals. *Brandt v. Schal Assoc., Inc.*, 854 F.2d 948 954 (7th Cir. 1988) *citing McCants v. Ford Motor Co.*, 781 F.2d 855, 860 (11th Cir. 1986) ("A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses in litigation.") Here, where Defendant has invested time and expense not only in legal fees, but also in retaining and paying for expert reports, the imposition of costs as a reasonable condition should not be questioned.

If the Court wishes to honor Plaintiff's request for dismissal without prejudice, Defendant respectfully requests that such dismissal be conditioned on payment of "*expenses incurred by the defendant in defending the suit up to [this] point…" Babcock,* 148 F.3d at 799.

### III. Defendant's Counsel's Costs and Fees Are Reasonable and Should Be Awarded Paid in Full, Not Reduced to Judgment.

#### A. Counsel's Fees Are Reasonable.

Intellectual property cases are complex. This case was made more complex and time-consuming by Plaintiff's refusal to dismiss at an appropriate juncture, and when the dismissal

window had closed, by its refusal to engage in meaningful discovery and instead throw up barrier after barrier to addressing substantive issues.

Since being retained in this matter, Attorney Clay and those supervised by her have billed 172.1 hours. (Clay Dec. ¶ 11.) Her hourly rate of $285 and the $200/hour rate of her colleagues is significantly below that of many IP attorneys in the Chicago area and entitled to a presumption of reasonableness. . Since being retained in this matter, Attorney Edmondson has billed 24.98 hours. (Edmondson Dec. ¶ 21.) His hourly rate of $350.00, which accounts for his status as highly experienced IP attorney licensed in three states with significant trial practice in these types of cases, is also significantly below that of many IP attorneys in the Chicago area, and is also entitled to a presumption of reasonableness.

The Court has discretion to set reasonable hourly rates for the market and multiply those rates by the number of hours reasonably spent, *i.e.* the lodestar. *Hensley v. Eckerhart*, 461 U.S. 433, 437 (1983). The Court may also adjust the lodestar upward or downward. *JCW Invs., Inc. v. Novelty, Inc*. 482, 910, 921 (7th Cir. 2007); *see also City of Burlington v. Dague*, 505 U.S. 557, 562. The undersigned respectfully request that a multiplier of 1.5 be applied in this matter. (Clay Dec. ¶ 12; Edmondson Dec. ¶ 22.)

    B.   *Payment of Fees Should Be Ordered Immediately, Not Subject to Judgment.*

The Court also has discretion to order Plaintiff to pay attorneys' fees immediately. Given the circumstances presented here, particularly the unfairness of asking this Defendant to chase after a corporate entity in another state, the Court should require Plaintiff to pay an amount certain within a specified period of time, rather than merely entering judgment. This Defendant did nothing to warrant this lawsuit. It would be an unfair and undue burden to require her to seek post-judgment proceedings to enforce this award.

**CONCLUSION**

For all of the reasons described herein, Defendant Renee Hancock respectfully requests an Order:

(a) Dismissing this litigation with prejudice, and ordering that Plaintiff pay costs and fees in the amount of $92,851.98 within 14 days of the date ordered;

(b) In the alternative, dismissing this litigation without prejudice, and ordering that Plaintiff pay costs and fees in the amount of $92,851.98 within 14 days of the date ordered;

(c) Any other remedy this Court deems just and reasonable.

Respectfully submitted:

    /s/  Lisa L. Clay
Lisa L. Clay
Attorney at Law
345 N. Canal Street, Suite C202
Chicago, IL 60606
312.753.5302
lclayaal@gmail.com
ARDC # 5277257

    /s/    Curt Edmondson
J. Curtis Edmondson, P.E.
601 Main Street, Suite 210
Vancouver, WA 98660
3699 John Olson Place
Hillsboro, OR, 97124
503.336.3749
jcedmondson@edmolaw.com
Pro Hac admittee

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2017 I electronically filed the foregoing

**DEFENDANT RENEE HANCOCK'S MEMORANDUM IN SUPPORT OF
DISMISSAL WITH PREJUDICE AND AN AWARD OF COSTS AND FEES**

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

        /s/   Lisa L. Clay