IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| CLEAR SKIES NEVADA, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 15 C 6708 |
| RENEE HANCOCK, | ) ) | Judge Virginia M. Kendall |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

On July 31, 2015, Plaintiff Clear Skies Nevada, LLC, sued thirty Doe defendants, alleging that each Defendant distributed copies of the film *Good Kill* over the Internet, thereby infringing on Plaintiff's copyright of the film. (Dkt. 1.) Plaintiff alleged that each Doe owned an IP address involved in the BitTorrent "swarm" that distributed copies of the film. (*Id*.) By early this year, claims against twenty-nine of the Does were either settled or voluntarily dismissed. Defendant Hancock was the only Defendant to defend against the claim.

The Court ordered this case dismissed on April 27, 2017, following Plaintiff's request to voluntarily dismiss under Rule 41(a)(2).[1] (Dkt. 87.) Defendant objected to the case being dismissed without prejudice. Upon the Court's request, Defendant filed a submission explaining why the case should be dismissed with prejudice and why she should be awarded her attorneys' fees. (Dkt. 90.) Plaintiff filed a simultaneous submission requesting that the Court dismiss without prejudice and award no fees. (Dkt. 89.) Plaintiff further requests that if the Court

---

[1] Plaintiff's motion to dismiss pursuant to FRCP 41(a)(2) does not describe its reasons for seeking voluntary dismissal, (Dkt. 84.), nor did counsel suggest a reason for seeking this dismissal in the hearing on this motion. (Dkt. 86.)

1

conditions dismissal of this case on an award of attorneys' fees, that it be allowed to withdraw its voluntary dismissal. (*Id.*)

For the reasons stated below, this case is dismissed with prejudice and fees will be awarded to Defendant.

## DISCUSSION

### I. Dismissal with prejudice

The Court may deny a motion to dismiss without prejudice when some of the following factors are present: 1) the defendant has gone to great efforts and expense in preparation for trial, 2) the plaintiff has caused excessive delay, 3) the plaintiff provides insufficient explanation for the need for a dismissal, and 4) the defendant has filed a motion for summary judgment. *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969). There is no precise formula by which to balance these factors, but the Court must weigh them to avoid imposing "plain legal prejudice" as a result of a voluntary dismissal. *Wojtas v. Cap. Guardian Tr. Co.*, 477 F.3d 924, 927 (7th Cir. 2007); *see also Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980) ("The enumeration of factors to be considered in *Pace* is not equivalent to a mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests."). Accordingly, when a court allows a voluntary dismissal, it may exercise its discretion to dismiss with prejudice, so as to avoid causing the defendant to suffer prejudice. *See Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994) (holding that a court may condition a Rule 41(a)(2) dismissal on whatever terms and conditions it "deems necessary to offset possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint with prejudice.").

Here, three of the *Pace* factors are satisfied. With respect to the first factor, Defendant and her attorneys have spent a great deal of time and money litigating this case (according to the Defendant, over 150 billable hours at $285 per hour). (Dkt. 90, Ex. A, Clay Dec. ¶ 11.) However, as of the date of dismissal, no depositions had been taken and no motions for summary judgment had been filed. Nonetheless, *Pace* indicates that a defendant can satisfy this factor by showing that it has completed "considerable discovery" at "substantial cost." *Pace*, 409 F.2d at 334. Defendant and her attorneys have done that in the course of this litigation and thus satisfy the first factor.

Regarding the second *Pace* factor, Plaintiff has caused significant delays, which have extended the course of this litigation to two years. (Dkt. 85 at 8.) These delays include repeated failure to respond to communications from defense counsel, delays producing documents in discovery, and a request to extend the deadline to complete discovery. (Dkt. 83.) Moreover, Plaintiff has never taken the opportunity to depose Defendant or do forensic analysis of her computer, despite Defendant's willingness to make herself and her computer available for those purposes ostensibly to prove that Plaintiff's claim against her fails. (Dkt. 85 at 8.) The Court is sympathetic to the personal matters that have consumed Plaintiff's counsel's attention for the past several months, which likely contributed to some of these delays. However, the Court is also sympathetic to the ongoing effects on Defendant as a result of lingering litigation. (*See* Dkt. 86 at 6.) If the Court were to allow a dismissal without prejudice, Plaintiff would be able to bring the same claim again, subjecting Defendant to further turmoil—all over a claim that is likely only worth between $2.99 and $14.99. [2] (Dkt. 90, Ex. 2.)

---

[2] This amount in controversy is so insignificant because Plaintiff is not entitled to statutory damages because the alleged infringement made on Defendant's IP address took place on April 5, 2015, (Dkt. 1, Ex. B), one day before the effective date of its copyright registration, April 6, 2015. (Dkt. 1, Ex. A.) According to Plaintiff, the damages amounts of $2.99–$14.99 represent the range of prices at which a consumer would have been able to legally

With respect to the third factor, Plaintiff has provided no explanation regarding its reasons for requesting a dismissal. (*See* Dkt. 86; Dkt. 89.) Defendant compellingly suggests that Plaintiff moved for voluntary dismissal so as to avoid ever having its claim judged on the merits knowing it had a low likelihood of success. (Dkt. 90 at 5.) This is likely an accurate assessment of Plaintiff's strategy in moving for voluntary dismissal given that discovery closed on April 27 and Plaintiff's counsel has not done any discovery. Dismissal with prejudice has been upheld where the Plaintiff has provided a meritless excuse for dismissal. *Ratkovich By & Through Ratkovich v. Smith Kline*, 951 F.2d 155, 158 (7th Cir. 1991) (affirming dismissal with prejudice where plaintiff's lack of diligence failed to produce evidence of causation after two years of discovery). Here, Plaintiff has failed to provide *any* explanation.

Regarding the fourth factor, Defendant has not filed a motion for summary judgment. However, Defendant has averred that she was in the early stages of drafting such a motion when Plaintiff moved to dismiss the case. (Dkt. 90, Ex. 2 at ¶ 19.)

Given the significant expense to which Defendant has gone in litigating this case, the repeated delays caused by Plaintiff, and Plaintiff's failure to provide reason for its seeking this dismissal, the Court sees no reason to allow Plaintiff to subject Defendant to future litigation over the same claim.

Three of the *Pace* factors being satisfied, it is appropriate for the Court to dismiss with prejudice. *See Ratkovich*, 951 F.2d at 158 (affirming conversion of a voluntary 41(a)(2) dismissal into a dismissal with prejudice because of plaintiff's lack of diligence in pursuing the case and producing evidence); *Guider v. Schiff Hardin LLP*, No. 05 C 3695, 2006 WL 2699338, at *1 n.1

---

purchase or rent a copy of *Good Kill* at the time of the alleged infringement. (Dkt. 90, Ex. D at 7.) Defendant's expert estimates that the statutory damages, under 17 U.S.C. § 504, would have been either $200 or $750 if Plaintiff had registered its copyright prior to the date of alleged infringement. (*Id.* at 8.)

4

(N.D. Ill. Sept. 18, 2006) (dismissing with prejudice after extensive efforts were expended during discovery and plaintiff's "complete failure to explain the need for dismissal").

**II. Attorneys' Fees**

Under 17 U.S.C. § 505, attorneys' fees may be awarded to the prevailing party in a copyright case at the Court's discretion. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Id*. at 534. When a court dismisses a copyright case with prejudice, the defendant in such a suit is the prevailing party for purposes of fee-shifting under § 505. *Riviera Distribs., Inc. v. Jones*, 517 F.3d 926, 927 (7th Cir. 2008). The prevailing party in copyright litigation is presumptively entitled to reimbursement of its attorney's fees. *See id.* (prevailing defendant against a claim of infringement of video game source code is entitled to attorney fees); *Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824 (7th Cir. 2005) (prevailing defendant against a claim of infringement of copyright of architectural drawings is entitled to reasonable fees); *Assessment Tech. of Wis., LLC v. WIREdata, Inc.*, 361 F.3d 434 (7th Cir. 2004) (prevailing defendant against a claim of infringement of copyright of real estate software is entitled to attorney fees). "This is no less true . . . where the dismissal is on plaintiff's own motion." *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008); *see also Riviera Distribs., Inc.*, 517 F.3d at 928.

In evaluating whether to exercise its discretion to award attorneys' fees under § 505, this Court applies the four *Fogerty* factors: 1) that the action was frivolous because plaintiff had no evidence to support its claim; 2) that plaintiff's motivation in filing suit was questionable because it filed a multiplicity of suits, each involving similar infringement allegations with quick

5

settlements and improperly joined defendants; 3) that the action is objectively unreasonable because it lacks evidence to support it; and 4) that awarding fees would advance the considerations of compensation and deterrence. *Bell v. Lantz*, 825 F.3d 849, 850 (7th Cir. 2016). Finally, the Court also considers the extent to which parties will be able to utilize their attorneys' work product in future litigation. *Cauley v. Wilson*, 754 F.2d 769 (7th Cir. 1985).

At the pleading stage, this action was neither frivolous nor objectively unreasonable because Plaintiff claimed to have observed an infringement of *Good Kill*'s copyright coming from Hancock's Internet Protocol ("IP") address. (Dkt. 31 ¶ 14.) However, Defendant has produced forensic evidence showing that the infringement may not have come from her IP address and that the methods used by Plaintiff to identify infringers are flawed. (Dkt. 90, Ex. 2(A)). Given that Plaintiff has not, at this late stage in the litigation process, made any attempt to examine Defendant's computer nor produced any evidence to show that Defendant herself engaged in the alleged BitTorrent activity (Dkt. 90 at 2), any continued litigation beyond this stage would be frivolous and objectively unreasonable. Accordingly, the first and third *Fogerty* lean in favor of Defendant.

With respect to the second *Fogerty* factor, Plaintiff's motivation in this case is questionable given the multiplicity of suits each involving quick settlements, especially when considering the amount of damages it would be entitled to if successful. Defendant's expert, Eric Fruits, explains that Plaintiff's lawsuit is in keeping with a "sue-then-settle" strategy, by which it seeks to settle lawsuits because it expects to lose money by going to trial, given the small amount in controversy. (Dkt. 90, Ex. D.) This case began as a lawsuit against the owners of thirty different IP addresses. (Dkt. 1, Ex. B.) The other defendants either settled out of court or had the cases against them voluntarily dismissed by Plaintiff. This litigation strategy thus hews closely to

6

the concern evinced by the second *Fogerty* factor given Plaintiff's overriding desire to settle these small claims out of court.

Finally, the fourth *Fogerty* factor also weighs in favor of granting fees. That is, granting fees may deter similarly situated plaintiffs from bringing weak claims with the hope of settling them and not awarding fees may incentivize those same plaintiffs continue the practice requiring future potentially innocent defendants to settle rather than exhaust copious resources defending themselves in court.

Given that the Court is dismissing this claim with prejudice, Defendant will not be able to utilize her attorneys' work product in future litigation of this claim because there will be no future litigation. Plaintiff relies on *Cauley* to recommend that the Court deny Defendant's requests for fees. *Cauley*, 754 F.2d at 772-773. However, that case is distinguishable from the instant one because the *Cauley* court denied fees knowing that the defendant would utilize its attorneys' work product in subsequent litigation that the plaintiff intended to pursue in another forum. *Id.* at 772. Here, there is no indication from Plaintiff that it intends to bring this claim in another jurisdiction, so Defendant will have no future opportunity to utilize this work product.

Given that 1) this attorney work product will be of no ongoing utility to Defendant, 2) Plaintiff's litigation strategy is questionable under *Fogerty*, and 3) further litigation of this claim would be frivolous and objectively unreasonable, the Court will not override the presumption that the prevailing party in a §505 case is entitled to an award of fees under *Riviera Distribs. See, e.g.*, *Assessment Tech. of Wis., LLC*, 361 F.3d at 437 ("When the prevailing party is the defendant, who by definition receives…no award, the presumption in favor of awarding fees is very strong."); *Budget Cinema, Inc. v. Water Tower Assocs.*, 81 F.3d 729, 733 (7th Cir 1996) (holding that defendant is entitled to an award of attorneys' fees when plaintiff's infringement

action is objectively unreasonable under *Fogerty*). Because the Court is dismissing the case with prejudice, Defendant is the prevailing party. Accordingly, the Court will award some amount of reasonable attorneys' fees.

Defendant has submitted a proposed fee calculation of $92,851.98 to the Court. This figure accounts for the hourly rates charged by both of Defendant's attorneys, her experts' fees, and incidental expenses, all multiplied by a "lodestar" of 1.5. (Dkt. 90 at 10.) However, Defendant provides no precedent for a court adjusting upward an hourly rate simply because the rate charged is lower than the market rate, nor is she necessarily entitled to all of the fees purportedly billed by her attorneys. Accordingly, the Court directs the Defendant to submit a brief justifying what she believes is the appropriate fee amount within twenty-one days of this order, including any precedent that may exist for adjusting the "lodestar" upward in accordance with the market rate. Plaintiff shall have 14 days thereafter to object. Plaintiff's failure to object to the proposed fees within 14 days will constitute a waiver of any objection to those fees.

### III. Withdrawal of Voluntary Dismissal

In the event the Court conditions dismissal of this case on payment of attorneys' fees, Plaintiff requests that it be permitted to withdraw its motion for voluntary dismissal. (Dkt. 89 at 15.) Rule 41(a)(2) allows the Court to impose conditions on a voluntary dismissal, but the plaintiff has the option of withdrawing its dismissal if the Court's conditions are "too onerous." *Marlow*, 19 F.3d at 304. Under *Marlow*, an award of attorneys' fees is not a condition that is too onerous; rather it is "an entirely appropriate condition" that a district court may impose in the exercise of its discretion. *Id.* at 306.[3] However, because the Court is dismissing the case with

---

[3] Plaintiff's misstates the *Marlow* rule when it says "in the event the Court conditions a dismissal in this case on payment of Defendant's attorney's fees/costs, Plaintiff should be given an opportunity to withdraw the motion and reinstate the case." (Dkt. 89 at 15.) In fact, *Marlow* held that a reasonable award of attorney's fees was not so onerous as to require courts to give plaintiffs the opportunity to withdraw their 41(a)(2) motions. Dismissing a case

prejudice following a Rule 41(a)(2) motion, *Marlow* requires that the Court allow Plaintiff a reasonable time to withdraw its motion. *Id.* at 305. *See also Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1998) ("[A] district court may not dismiss the action with prejudice without first providing the plaintiff a reasonable opportunity to withdraw his motion."). That being said, all *Marlow* requires is that the Court give the moving party an opportunity to withdraw their motion. *Marlow*, 19 F.3d at 306. The Court has done that in the instant case. On April 27, 2017, the Court granted the Plaintiff's motion to dismiss the case against the Defendant and told the Plaintiff that it was not inclined to allow this case to be dismissed without prejudice and put Defendant's life on hold forever. (Dkt. 86 at 7.) The Court then set a briefing schedule on the question of whether the case should be dismissed with or without prejudice which is the basis for this opinion. Therefore, the Plaintiff was given notice that the Court was inclined to convert this voluntary dismissal into a dismissal with prejudice and the Plaintiff had from that date—April 27, 2017—more than three months—to withdraw its motion for dismissal, and has not done so. Given that Plaintiff has already had ample opportunity to withdraw this motion and has declined to do so, the Court denies Plaintiff's request to be given additional time to withdraw.

## CONCLUSION

For the foregoing reasons, the Court dismisses this case with prejudice and orders an award of attorneys' fees to be determined upon receipt of further briefing.

Hon. Virginia M. Kendall
United States District Judge

Date: August 23, 2017

---

with prejudice after a 41(a)(2) motion does, however, trigger the Court's obligation to afford Plaintiff a reasonable opportunity to withdraw.

9